### GREENLEAF *v.* SANBORN.

If a debtor own one cow, not subject to a mortgage, and is in possession of another, which is mortgaged, the former is exempt from attachment or levy on execution.

TRESPASS for taking the plaintiff's cow.

The defendant is a deputy sheriff, and took the cow by virtue of a writ of attachment in favor of one Moses Pike against the plaintiff, and sold the same in conformity to the provisions of the statute in relation to the attachment of living animals.

Before the taking and selling as aforesaid, the plaintiff had conveyed to one Morse, by a mortgage in common form, another cow and a horse to secure the payment of a note for sixty dollars and fifty cents, given by the plaintiff to said Morse. The mortgage and note were valid and legal, and subsisting at the time of said taking and selling aforesaid. Morse, after the taking and before the selling, took possession of the mortgaged cow, for condition broken,

and applied the avails on the mortgage debt.   The plaintiff, at the time of the taking and selling by the defendant, as aforesaid, had no other cow, or interest in any other cow than the two above mentioned.

It was agreed that if the court should be of opinion that the plaintiff can maintain his action on the foregoing facts, judgment shall be rendered for him for the sum of forty dollars damages, and costs of suit; otherwise, judgment for the defendant.

The questions of law were reserved.

*Quincy,* for the plaintiff.

*Fling,* for the defendant.

Sargent, J.   By our statute one cow of the debtor is exempted from attachment and levy on execution.   Rev. Stat., ch. 184, sec. 2; Comp. Stat. 469.   It is not a partial interest or right of redemption only in the animal that is exempted and secured to the debtor and his family by this statute.   The mortgagor conveyed the whole general property in one cow, conditionally, to Morse.   The mortgagee had a right to take possession of the cow at any time, as well before as after condition broken.   All the interest the plaintiff had in that cow was probably of little or no value.

A debtor who has but one cow may mortgage that if he choose, and in that way be liable to lose it upon the mortgage, or if he have more than one he may mortgage them all, and in the one case all the law could do would be to exempt such interest as he had remaining in the one; and in the other case it could do no more, as a creditor might attach all his interest in all but one, if they were all mortgaged.   So when there is one cow not mortgaged, and others that are, the creditor can take all the debtor's right in all that are mortgaged, leaving the debtor the one unincumbered.

When the cow in this case was sold, the other had been taken away on the mortgage, so that the sale was in fact of the debtor's last and only cow.   But we think that the attachment of the cow stands upon the same ground as the sale.   If a debtor has two cows, and sells one of them absolutely, of course the other is exempt from attachment.   But if he mortgages her to a creditor, selling her thus conditionally, he has an equitable interest remaining, which may be large or small, according to the amount of the debt secured by her; but whatever it is, the creditor can take and make it available so far in payment of his debt.

We think it was evidently the intention of the legislature that the debtor should have the right to the sole, exclusive, and absolute ownership of one cow, which his creditors can not seize and apply in satisfaction of their debts.   A similar statute in Massachusetts has recently received a similar construction to the one here given to ours, and upon grounds which seem satisfactory.   *Tryon* v. *Mansir,* 2 Allen 219.

According to the agreement of the parties, there must be

*Judgment for the plaintiff.*